## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

| | |
|---|---|
| ELIZABETH MYERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. _____ |
| COUNTY OF KNOX, MAINE, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND JURY TRIAL DEMAND

NOW COMES Plaintiff Elizabeth Myers, by counsel, who submits her complaint against Defendant County of Knox, Maine as follows:

## PARTIES

1. Plaintiff Elizabeth Myers ("Plaintiff" or "Myers") is a resident of St. George, County of Knox, Maine. She was employed as a Corrections Officer at the Knox County Jail between July of 2017 and June 2, 2020.

2. The County of Knox, Maine ("Defendant" or "Knox County") is a political division of the State of Maine. 1 M.R.S. § 7.

## JURISDICTION AND VENUE

3. This action arises under the Maine Human Rights Act, the Maine Whistleblowers' Protection Act, and Title VII of the Civil Rights Act of 1964. This Court has proper subject matter jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331.

4.	Plaintiff has exhausted all necessary administrative remedies and otherwise met all conditions before commencing suit on this matter.  On July 2, 2021, the Maine Human Rights Commission issued Plaintiff a so-called "Notice of Right to Sue" letter per 5 M.R.S. §§ 4612, 4622.

5.	Venue is proper in the District of Maine under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Maine.  Under Rule 3(b) of the Rules of this Court, this action is properly filed in Portland because the events at issue occurred in Knox County.

## JURY TRIAL DEMAND

6.	Under Fed R. Civ. P. 38(b), Plaintiff demands trial by jury on all issues triable to a jury.

## FACTUAL ALLEGATIONS

7.	Plaintiff is a 73-year-old woman who worked as a part-time Corrections Officer at the Knox County Jail from July 23, 2017 until her employment was unilaterally terminated on or about June 2, 2020.

8.	At all times, Plaintiff met or exceeded performance expectations.

9.	Within the first year of her employment, one of Plaintiff's co-workers, Dan ("DB"), began sexually harassing Plaintiff at work.  His harassment continued throughout the remainder of Plaintiff's employment.

10.	DB consistently made sexual comments to Plaintiff about her body, and his own body.  He openly discussed his sex life with Plaintiff, despite Plaintiff telling him that she did not want to hear about it.

11. On one occasion, DB cornered Plaintiff in a closet and closed the door. He pushed his body against Plaintiff's body, trapping her. Plaintiff shouted at DB, among other exclamations, to "STOP!" She then reported what happened to her supervisor, Cpl. Orne.

12. Cpl. Orne told Plaintiff that DB had touched her breast, and had made sexual comments to her in the past. She told Plaintiff that that was "just the way [DB] was." Although she told Plaintiff that she would "take care of it," Cpl. Orne did nothing to address Plaintiff's report.

13. Over the subsequent months, DB continued to sexually harass Plaintiff, including touching her buttocks, blocking her path so that she had to squeeze by him, and making comments about his sex life.

14. Plaintiff continued to report DB's conduct to her supervisors, Cpl. Orne, and Sgt. Sweetland. Neither of them took any action to address Plaintiff's reports. DB's conduct persisted.

15. In addition to the offensive sexual harassment to which Plaintiff was subjected by DB, Plaintiff was also mocked and belittled about her age.

16. On several occasions, Plaintiff's co-workers and supervisors asked her when she was going to retire. They called her "grandma" or "g-ma," and told her that she was "too old" to be working at the jail.

17. Plaintiff reported the age-based comments Sgt. Sweetland, who told her that he would write a grievance for her, but nothing ever came of it.

18. About a month or two before her employment was terminated, Sgt. Sweetland asked Plaintiff when she was going to retire.

19. Plaintiff was frustrated and offended by the persistent comments about her age by her co-workers and supervisors.

20. Approximately one week before her termination, DB told Plaintiff more details about his sex life with his wife, and complained that his wife wouldn't have sex with him.

21. Plaintiff was consistently shocked and offended by DB's frequent and unwelcome sexual comments.

22. Toward the end of May 2020, Plaintiff reported to her assigned post in the medium-security area of the jail. Cpl. Orne approached Plaintiff and instructed her to report to the minimum-security area, where female inmates are housed. Plaintiff asked why she was being re-assigned, but Cpl. Orne would not say.

23. As Plaintiff was leaving medium-security, she noticed that DB, who was supposed to be assigned to minimum-security, was sitting in her chair in medium-security.

24. When Plaintiff arrived to minimum-security, two female inmates informed her that DB had sexually harassed one of them. When the inmates reported DB's harassment to a supervising officer, DB was re-assigned to medium-security. Upon information and belief, DB was not subjected to any additional discipline related to this incident.

25. On or about June 2, 2020, Plaintiff sent a message to a co-worker, via Facebook, expressing her frustration that, despite her many reports about DB's unacceptable sexual conduct, and multiple reports from female inmates about DB, Knox County took no meaningful action to address his behavior.

26. Later that day, Jail Administrator Wood, and Sgt. Escoriso, confronted Plaintiff about her Facebook message. Plaintiff told them that she had made several reports about DB, and nothing was ever done about it.

27. Rather than investigate Plaintiff's complaints, Jail Administrator Wood, and Sgt. Escoriso *accused Plaintiff* of creating a "toxic work environment" by speaking-out about DB. They terminated her employment.

## COUNT I
### (Sex Discrimination, Retaliation, Hostile Work Environment – MHRA and Title VII)

28. Plaintiff repeats the allegations contained in Paragraphs 1 through 27.

29. Plaintiff, a female, is a member of a protected class.

30. Plaintiff was subjected to unwelcome harassment and physical contact by her male coworker based on her sex.

31. Defendant discriminated against Plaintiff with respect to the terms, conditions or privileges of her employment; unlawfully retaliated against her because she opposed discrimination and harassment; interfered, coerced, intimidated, or threatened Plaintiff while she exercised her rights to be free from discrimination or harassment; subjected her to a hostile work environment severe

and pervasive enough to alter her working conditions; and terminated her employment because of her sex and her oppositional conduct.

32.   Defendant, by and through its supervisory employees, engaged in unlawful sex discrimination by treating Plaintiff in disrespectful and demeaning ways, subjecting her to ongoing sexual harassment of which it was aware, failing or refusing to properly intervene or investigate on her behalf, failing to properly train and supervise her superiors, failing to adhere to policies regarding harassment and discrimination, and terminating her employment based on her sex and oppositional conduct.

33.   Defendant, by and through its supervisory employees, permitted a hostile work environment based on Plaintiff's sex, and is liable for the severe, pervasive, and offensive harassment conducted by Plaintiff's co-worker because it had actual and constructive knowledge of DB's behavior and failed or refused to take prompt and remedial action to address it.  The conduct to which Plaintiff was subjected not only affected the terms and conditions of Plaintiff's employment, but also culminated in Plaintiff's termination from her employment.

34.   Plaintiff's gender was a motivating factor in Defendant's actions.

35.   As a direct and proximate result of Defendant's actions, set forth herein, Plaintiff suffered damages to be proven at trial.

WHEREFORE, Plaintiff prays for judgment against Defendant for all damages to which she may be entitled including, but not limited to:

        A.    An order for Defendant to reinstate Plaintiff to her position, or front-pay in lieu of reinstatement;

    B.    Back-wages dating back to June 2, 2020;

    C.    Compensatory damages including, but not limited to, mental anguish, loss of dignity and other intangible injuries as determined by a jury;

    D.    An award of attorney's fees and all costs incurred herein; and

    E.    All other damages to which Plaintiff may be entitled.

## COUNT II

### (Whistleblower Retaliation – MWPA)

36.    Plaintiff repeats the allegations contained in Paragraphs 1-35.

37.    Plaintiff engaged in protected activity under the Maine Whistleblowers' Protection Act, to wit: Plaintiff reported sexual harassment and age discrimination by her co-workers and supervisors, and opposed her supervisors' refusals to address her reports of sexual harassment and age discrimination, all of which she believed to be unlawful and a risk to her personal safety.

38.    Defendant terminated Plaintiff's employment because she reported and opposed unlawful discrimination and harassment.

39.    As a direct and proximate result of Defendant's actions set forth herein, Plaintiff suffered damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment against Defendant for all damages to which she may be entitled including, but not limited to:

    A.    An order for Defendant to reinstate Plaintiff to her position, or front-pay in lieu of reinstatement;

    B.    Back-wages dating back to June 2, 2020;

    C.    Compensatory damages including, but not limited to, mental anguish, loss of dignity and other intangible injuries as determined by a jury;

    D.    An award of attorney's fees and all costs incurred herein; and

    E.    All other damages to which Plaintiff may be entitled.

## COUNT III
### (Age Discrimination – MHRA)

40. Plaintiff repeats the allegations in Paragraphs 1 – 39.

41. The Maine Human Rights Act prohibits employers from discriminating against any individual because of that individual's age.

42. Plaintiff (age 73) is an individual in an age group protected by the MHRA.

43. As set forth herein, Plaintiff was subjected to unwelcome harassment by her supervisors and coworkers based on her age.

44. Defendant discriminated against Plaintiff with respect to the terms, conditions or privileges of her employment; subjected her to a hostile work environment severe and pervasive enough to alter her working conditions; and terminated her employment because of her age.

45. Defendant, by and through its supervisory employees, engaged in unlawful age discrimination by treating Plaintiff in disrespectful and demeaning ways, subjecting her to ongoing harassment based on her age of which it was aware, failing or refusing to investigate and address her reports of discrimination based on her age, failing to properly train and supervise her superiors, failing to adhere to

8

policies regarding harassment and discrimination, and terminating her employment based on her age.

46. Defendant, by and through its supervisory employees, permitted a hostile work environment based on Plaintiff's age, and is liable for the severe, pervasive and offensive harassment conducted by Plaintiff's supervisors and co-workers. The conduct to which Plaintiff was subjected not only affected the terms and conditions of her employment, but also culminated in Plaintiff's termination from her employment.

47. Plaintiff's age was a motivating factor in Defendant's actions.

48. As a direct and proximate result of Defendant's actions, set forth herein, Plaintiff suffered damages to be proven at trial.

WHEREFORE, Plaintiff prays for judgment against Defendant for all damages to which she may be entitled including, but not limited to:

    A. An order for Defendant to reinstate Plaintiff to her position, or front-pay in lieu of reinstatement;

    B. Back-wages dating back to June 2, 2020;

    C. Compensatory damages including, but not limited to, mental anguish, loss of dignity and other intangible injuries as determined by a jury;

    D. An award of attorney's fees and all costs incurred herein; and

    E. All other damages to which Plaintiff may be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable by jury.

Dated:  September 8, 2021

                                              RESPECTFULLY SUBMITTED

*/s/ Andrew P. Cotter*
Andrew P. Cotter, Esq.

*/s/ James A. Clifford*
James A. Clifford, Esq.

CLIFFORD & CLIFFORD, LLC
62 Portland Road, Suite 37
Kennebunk, Maine 04043
(207) 985-3200
andrew@cliffordclifford.com
james@cliffordclifford.com

*Attorneys for the Plaintiff*

10